E-FILED
Tuesday, 07 July, 2026  12:16:29 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| NICHOLAS D. PRATT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-1176-SEM-DJQ |
| | ) | |
| JON WEBB, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Nicholas D. Pratt, proceeding *pro se* and currently in custody at the Fulton County Jail ("FCJ"), has filed an Amended Complaint (#12) after his original Complaint (#1) was dismissed at the merit review stage (#9) for misjoinder of claims. The Amended Complaint, like its predecessor, describes a wide variety of wrongs Plaintiff has suffered while incarcerated at the FCJ. The case is now before the Court for a merit review of Plaintiff's Amended Complaint.

1

## BACKGROUND

*The Original Complaint*

The original Complaint in this matter named the following Defendants: Fulton County Sheriff Jon Webb; Christopher Ford; Fulton County Sheriff's Department; the FCJ; Fulton County Clerk's Office; Fulton County Courthouse; Charlee Markley; Fulton County Nursing Home; correctional officers Black, Trevor, Holt, Spawn, White, Kim, and Hooker; Detective Vogel; and John Doe. It raised a wide variety of issues relating to, among other things, Plaintiff's legal mail, the custody of Plaintiff's children, tooth pain, ankle pain from excessive shackling, groin issues, HIPAA violations, Plaintiff's medical insurance, insufficient nutrition, insufficient COVID-19 testing, and a broken toilet. Plaintiff also broadly stated that one or more Defendants committed intentional infliction of emotional distress, equal protection violations, malicious prosecution, and defamation.

In its Merit Review Order, the Court pointed out that the Complaint was "precisely the type of 'scattershot' or 'omnibus' complaint the Seventh Circuit has targeted for dismissal at the

screening stage." The Court thus dismissed the Complaint and granted Plaintiff 28 days "to file an amended complaint limited in scope to claims against a single defendant or claims against multiple defendants that arise out of the same occurrence, transaction, or series of related transactions."

*The Amended Complaint*

Plaintiff's Amended Complaint does not contain a list of Defendants. Nor does it contain any of the other hallmarks of a legal complaint, such as a caption or a request for relief.

Aside from those omissions, Plaintiff's Amended Complaint is strikingly similar to his original Complaint. Plaintiff alleges that his legal mail is being opened; there has been a refusal to allow him to sign over his rights—presumably referring to parental rights; he has injuries or damage to his teeth, ankles, groin, and stomach; there is a broken toilet in his cell; and jail staff have committed HIPAA violations.

Many of the numbered items on Plaintiff's list of grievances contain no explication, such as claims for "using insurance cards," "Covid test refusal," and "CO's giving out medications." In one

3

numbered item, Plaintiff simply writes: "Intentional infliction of emotional distress, equal protection violations, malicious prosecution, and defamation."

## Analysis

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and through such process identify and dismiss any legally insufficient claim or the entire action if warranted. "Out of concern about unwieldy litigation and attempts to circumvent the PLRA's fee requirements," the Seventh Circuit has "urged district courts and defendants to beware of 'scattershot' pleading strategies." *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018). To that end, "'omnibus' complaints . . . that raise claims about unrelated conduct against unrelated defendants" are "target[ed] for dismissal" at the screening stage. *Id.*

As explained in the Court's prior Order, "[a] prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences[.]'" *Id.* at 502-03 (quoting Fed. R. Civ. P. 20(a)(2)). "A litigant cannot throw all of his grievances, against

dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* (cleaned up). "[I]f the assertion of different charges against different prison officials in the same complaint is confusing, [a district judge] can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'" *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (quoting *Wheeler*, 689 F.3d at 683).

Plaintiff's original Complaint was "precisely the type of 'scattershot' or 'omnibus' complaint the Seventh Circuit has targeted for dismissal at the screening stage." In *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022), the court suggested that "a district court faced with misjoined claims begin . . . by striking the

complaint, explaining the misjoinder, and giving the plaintiff *at least* one chance to fix the problem." (Emphasis added). Relying on *Dorsey*, this Court dismissed the original Complaint and provided Plaintiff with his first chance to fix the problem.

Plaintiff's Amended Complaint, however, did not address the issue. It is another scattershot pleading, an omnibus complaint that raises myriad claims against numerous Defendants that cannot be brought together in the same action under Federal Rule of Civil Procedure 20. Plaintiff has "throw[n] all of his grievances, against dozens of different parties, into one stewpot." *Wheeler*, 689, F.3d at 683. The Amended Complaint must therefore be dismissed. See *Mitchell*, 895 F.3d at 503.

The Court will allow Plaintiff one final opportunity to correct his joinder issues. Plaintiff will have 35 days[1] from the date of this Order to file a second amended complaint limited in scope to claims

---

[1] On July 6, 2026, Plaintiff filed a letter stating that he had been sentenced and expected to be transferred out of the FCJ. He noted: "I do not know where I will be in the next few weeks." The Court is therefore setting a longer-than-usual deadline for the filing of Plaintiff's second amended complaint. Plaintiff is admonished that he must update the Court with his new address as soon as possible.

against a single defendant or claims against multiple defendants that arise out of the same occurrence, transaction, or series of related transactions. Plaintiff is also cautioned that because any amended pleading must stand on its own, without reference to any prior version of the complaint, he must provide at least those factual details that describe who violated his constitutional rights and how they did so.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's Amended Complaint (#12) is DISMISSED.

2.    Plaintiff is granted leave to replead. Plaintiff shall have 35 days to file an amended complaint that states a claim and contemplates only those claims that have a logical relationship to one another. If Plaintiff fails to file an amended complaint, this matter will be terminated.

ENTERED July 7, 2026.

s/ *Sue E. Myerscough*

_____

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**